IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICK O'BRIEN MURPHY AKA § <br> O'BRIEN MURPHY AND BEVERLY § <br> MURPHY, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> HSBC BANK USA AS TRUSTEE FOR § <br> THE WELLS FARGO ASSET § <br> SECURITIES CORPORATION HOME § <br> EQUITY ASSET-BACKED § <br> CERTIFICATES, SERIES 2006-1 § <br>     Defendant. § | Civil Action No. 4:12-cv-03278 |

## OPINION AND ORDER

Pending before the Court are Defendant HSBC Bank USA's ("HSBC") Motion to Dismiss (Doc. 3), as well as Plaintiffs Patrick O'Brien Murphy and Beverly Murphy's ("the Murphys") Response to Defendant's Motion to Dismiss Under Rule 12(b)(1) and (6) and Counter Motion for Judgment Under Rule 56 (Doc.7). After reviewing the motions, the record of this case, and all applicable law, the Court GRANTS Defendant's Motion to Dismiss.

**I.   Background and Relevant Facts**

The Murphys owned a house at 503 Flaghoist Lane, Houston, Texas 77079. On January 5, 2006, the Murphys refinanced their home with Wells Fargo Bank, N.A. ("Wells Fargo"). Doc. 1-3 at 3. In early 2008, the Murphys purposely defaulted on their loan in order to compel Wells Fargo to negotiate with them. Doc. 1-3 at 4. On June 12, 2008, the Murphys received a notice of acceleration from Wells Fargo informing them that all principal and interest were immediately due and payable. Doc. 1-3 at 4. On June 19, 2008, Wells Fargo assigned the promissory note ("the Note") and the Deed of Trust on the Murphys' loan to HSBC Bank USA ("HSBC"). Doc.

1-3 at 5. Sometime after HSBC sent the notice of acceleration, the Murphys were served with a expedited non-judicial foreclosure action. Doc. 1-3 at 4.

### A. The First Lawsuit

After Wells Fargo and HSBC filed an application for expedited non-judicial foreclosure in the 295th District Court of Harris County, Texas (Doc. 3-2 at 2), the Murphys filed suit in the 55th District Court of Harris County, Texas against Wells Fargo and HSBC ("the First Lawsuit"). Doc. 1-3 at 5. In that suit, the Murphys claimed fraud, breach of contract, and violation of the Texas Deceptive Trade Practices-Consumer Protection Act. *See* Doc. 3-1 at 2-12. In the course of the First Lawsuit, the Murphys filed several Motions and Responses that challenged the standing of Wells Fargo or HSBC to foreclose on their house. Doc. 3-1 at 18, 24. On March 29, 2011, the trial court granted summary judgment in favor of Wells Fargo and HSBC, awarded Wells Fargo and HSBC attorneys' fees, and dismissed all of the Murphys' claims. Doc. 1-3 at 5. The Murphys appealed. Doc. 1-3 at 5. On February 12, 2013, the Court of Appeals for the 14th District of Texas affirmed the trial court's summary judgment decision in favor of Wells Fargo and HSBC on the Murphys' causes of action against them, but reversed the trial court's summary judgment decision only to the extent that it allowed Wells Fargo to recover its attorney's fees and costs against the Murphys personally. *Murphy v. Wells Fargo Bank, N.A.*, No. 14-11-00560-CV, 2013 WL 510129 (Tex. App—Houston [14th Dist.] February 12, 2013) (petition for review filed April 29, 2013).

### B. The Current Lawsuit

After the trial court granted summary judgment in the First Lawsuit, HSBC sent the Murphys a notice of intent to accelerate on December 30, 2011, Doc. 3-4 at 28, and then a notice

of acceleration on June 20, 2012. Doc. 3-4 at 38. On August 16, 2012, HSBC filed then a new application for non-judicial foreclosure. Doc. 3-4 at 2. Shortly after, on September 26, 2012, the Murphys filed the current lawsuit in the 151st District Court of Harris County, Texas against HSBC, alleging claims of an invalid chain of title and unenforceable Note and Deed of Trust due to a statute of limitations bar. Doc. 1-3 at 2. HSBC removed the case to this Court on November 5, 2012, on the basis of diversity, and promptly filed a Motion to Dismiss. Doc. 1 at 1-8.

In the Motion to Dismiss, HSBC argues the Murphys' claims regarding HSBC's chain of title are barred by *res judicata*, or in the alternative, that they fail to state a claim, and that the Murphys' claims based on the statute of limitations fail to state a claim. The Murphys, in response, and in their own Motion for Summary Judgment, do not address the issue of *res judicata*, but instead argue that they have sufficiently pled their claims as to the invalidity of the chain of title and the statute of limitations.

## II.     Legal Standards

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . .  a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,

1964–65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson,* 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 ... (1957) ["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n. 2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009).  Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*  The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th

Cir. 2000).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins,* 224 F.3d at 498–99; *Cinel v. Connick,* 15 F.3d 1338, 1341, 1343 n. 6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("the court may consider ... matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### III. Analysis

#### A. Res Judicata

Defendant, HSBC, first moves for dismissal of Plaintiffs' claims regarding HSBC's lack of standing to foreclose, arguing that the Murphys' claims are barred by *res judicata*. Dismissal on *res judicata* grounds may be appropriate under Rule 12(b)(6) when the pleadings themselves in combination with judicially noticed facts suggest that the action is barred. *See Dean v. Miss. Bd. Of Bar Admissions*, 394 F. App'x 172 (5th Cir. 2010) (unpublished) (citing *Kansa*

*Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)) ("Dismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings."); *but see Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n. 2 (5th Cir. 2005) ("We do observe that generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense.").

"*Res judicata* prevents relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action." *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex. 1996) (internal citations omitted). For *res judicata* to attach, there must be proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.* "[U]nder the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." *Shimon v. Sewerage & Water Bd. of New Orleans,* 565 F.3d 195, 199 (5th Cir. 2009) (quoting *Parsons Steel, Inc. v. First Ala. Bank,* 474 U.S. 518, 523, 106 S. Ct. 768, 88 L.Ed.2d 877 (1986)).

As indicated in the citation to previous case, *supra* at page two, a petition for review of the Fourteenth Court of Appeals' decision in *Murphy v. Wells Fargo Bank, N.A.* was filed on April 29, 2013. This there is not yet a final decision in the case. This Court will therefore deny the motion to dismiss and stay this case until that petition for review has had a final ruling.

**B. Statute of Limitations**

Defendant, HSBC, also contends that the Murphys' claims based on the statute of

limitations fail to state a claim and therefore must be dismissed under Rule 12(b)(6). In support of their claim that the Note and the Deed of Trust are unenforceable as a matter of law because of the statute of limitations, the Murphys allege:

> The demand letters attached to this petition show that the note in issue was accelerated on June 12, 2008. The 736 action filed by HSBC was filed on August 16, 2012. Thus it was filed more than four years after the note was due and payable. Under *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562 (Tex. 2002), a sale of real property under a deed of trust must be made within four years of the acceleration of the note. *See also* Tex. Civ. Prac. Rem. C. § 16.035 (d). Based on this law and the fact alleged above, the Murphys seek Declaratory Judgment under Chapter 37 of the Texas Civil Practice and Remedies Code that: … The note and deed of trust attached to this petition are unenforceable as a matter of law because of the limitations. . . .

Doc. 1-3 at 9.

Under Texas law, "a sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues," and "on the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." Tex. Civ. Prac. & Rem. § 16.035(b), (d). Here, the Murphys allege sufficient facts that would establish the date of accrual of the mortgage foreclosure claim and that the application for foreclosure was more than four years after that date. An action only accrues "when the holder [of the Note or Deed of Trust] actually exercises its option to accelerate." *Holy Cross Church of God in Christ*, 44 S.W.3d 562, 566 (Tex. 2001). The Murphys allege that that the Note was accelerated by HSBC on June 12, 2008. Doc. 1-3 at 9. Further, the Murphys allege that HSBC filed an application for foreclosure on August 16, 2012, after the four-year limitations period, which ended on June 12, 2012. Doc. 1-3 at 9. Taking all well-pleaded facts as true, *Wolcott*, 635 F.3d at 763, it appears that the Murphys have stated a claim as to the validity of the lien under Section 16.035 of the Texas Civil Practice and Remedies Code. Nevertheless, notwithstanding the Murphys'

pleading of facts that would support a statute of limitations claim under Section 16.035 of the Texas Civil Practice and Remedies Code, the Murphys' other allegations, as well as public documents provided by HSBC, convince the Court that a limitations claim cannot be maintained under Section 16.035 as a matter of law.

Under Texas law, "acceleration can be abandoned by agreement or other action of the parties." *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012) (citing *Holy Cross*, 44 S.W.3d at 567); *see also Denbina v. City of Hurst*, 512 S.W.2d 460, 463 (Tex.Civ.App—Tyler 1974, no writ) (explaining that a noteholder has "a right to withdraw or revoke its option to accelerate payment"). "Abandonment of the acceleration has the effect of restoring the contract to its original condition, including restoring the note's original maturity date." *Id.* (citing *Holy Cross*, 44 S.W.3d at 567).

Here, prior to the First Lawsuit, HSBC filed an application for expedited non-judicial foreclosure in the 295th District Court of Harris County, Texas. Doc. 3-2 at 2. Pursuant Tex. R. Civ. P. 736, Section 10, and the agreement of the parties, HSBC's application was "automatically abated and… dismissed" after the Murphys filed suit in the 55th District Court of Harris County, Texas. Doc. 3-2 at 2-3. Both parties signed the agreement, and the dismissal was unopposed by HSBC. Furthermore, HSBC did not pursue an appeal of the dismissal. By HSBC's conduct and the Dismissal Order of the 295th District Court, the June 12, 2008 acceleration was abandoned, and the contract was restored to its original condition. Having been restored to its original condition, the current cause of action accrued on June 20, 2012, when HSBC sent the second notice of acceleration to the Murphys. Therefore, due to the abandonment of the original acceleration, the Murphys' limitations claim cannot be maintained under Section 16.035 as a matter of law and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that the Defendant's Motion to Dismiss (Doc. 3) is **DENIED** in part as to *res judicata* and **GRANTED** in part as to the statute of limitations not barring the enforcement of the Note and Deed of Trust by HSBC. The Court further

ORDERS that this case is STAYED until the appeal of the state court suit is final. The parties shall inform the Court when the appeal has been finally resolved.

SIGNED at Houston, Texas, this 12th day of September, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE