IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK O'BRIEN MURPHY a/k/a | § | |
| O'BRIEN MURPHY and BEVERLY | § | |
| MURPHY, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 12-3278 |
| | § | |
| HSBC BANK USA AS TRUSTEE FOR THE | § | |
| WELLS FARGO ASSET SECURITIES | § | |
| CORPORATION HOME EQUITY ASSET- | § | |
| BACKED CERTIFICATES, SERIES 2006-1, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION DENYING PLAINTIFFS' MOTION FOR REHEARING AND RECONSIDERATION

Before the Magistrate Judge upon referral from the District Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) is Plaintiffs' Motion for Rehearing and Reconsideration of the Court's Opinion and Order on Motion to Dismiss (Document No. 20). In that motion, Plaintiffs Patrick O'Brien Murphy and Beverly Murphy ("the Murphys") ask that the Court reconsider that part of the Opinion and Order filed on September 12, 2013, that dismissed their claim that the statute of limitations barred Defendant HSBC's enforcement of the Note and related Security Instrument. Having considered the motion, Defendant's response in opposition, Plaintiffs' Reply, the Opinion and Order of September 12, 2013, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiffs' Motion for Rehearing and Reconsideration be DENIED.

A motion for reconsideration of an interlocutory order is generally considered under FED. R. CIV. P. 59(e). *WesternGeco, LLC v. ION Geophysical Corp.*, 2012 WL 3150303 *1 (S.D. Tex. 2012). Under Rule 59(e), reconsideration is warranted when there has been a "manifest error of law

or fact" or "newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5ᵗʰ Cir. 2005).  While

reconsideration is generally not available to "raise arguments that could, and should have been

made" earlier, *id.*, courts have considerable discretion to revise, "reconsider and reverse its decision"

on interlocutory motions for summary judgment "for any reason it deems sufficient." *In re Elevating*

*Boats*, LLC, 286 Fed. Appx. 118, 122 (5ᵗʰ Cir. 2008); *see also* FED. R. CIV. P. 54(b) ("any order or

other decision, however designated, that adjudicates fewer than all the claims or the rights and

liabilities of fewer than all the parties does not end the action as to any of the claims or parties and

may be revised at any time before the entry of a judgment adjudicating all the claims and all the

parties' rights and liabilities.").

Here, the Murphys maintain that the Court erred in relying on "public extraneous matters"

and concluding that HSBC's acceleration of the Note was abandoned by the parties.  The Murphys

argue, in reliance on *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347 (Tex. App.–Houston [1ˢᵗ Dist.

2012, no pet.), that the public documents submitted by HSBC do not show an *agreement* to abandon

the acceleration of the Note or a *mutual* intent or understanding that the Note would be restored to

its original terms.  HSBC, in response, argues that Texas law does not require a written agreement

for abandonment of acceleration and that the parties' conduct evidences the abandonment found by

the District Court in the September 12, 2013 Opinion and Oder.

In the September 12, 2013 Opinion and Order (Document No. 19), the Court found that the

Murphys had, with the allegations in their pleading, "stated a claim as to the validity of the lien under

Section 16.035 of the Texas Civil  Practice and Remedies Code."  The Court then determined that

such a claim failed as a matter of law based on the agreed dismissal of HSBC's state court

application for expedited and non-judicial foreclosure in favor of a subsequent state court lawsuit

filed by the Murphys against HSBC and Wells Fargo.  That agreed dismissal of HSBC's foreclosure proceeding was, when considered in connection with the Murphy's pending state court lawsuit challenging HSBC's standing to foreclose, determined to constitute an abandonment of the acceleration of the Note.  Contrary to the Murphys' arguments, there is no error associated with that determination.

It was not error for the Court to consider public documents in connection with Defendant's Rule 12(b)(6) Motion to Dismiss.  *See Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.").  It was also not error for the Court to conclude that the June 12, 2008, acceleration of the Note was abandoned by HSBC and/or by the parties jointly.  As set forth in the September 12, 2013, Opinion and Order, the Note was initially accelerated on June 12, 2008.  Based on that acceleration and the Murphys' failure to pay the accelerated amount due, HSBC filed an application for expedited non-judicial foreclosure in the 295th District Court of Harris County, Texas.  The Murphys responded with a lawsuit of their own, filed on November 13, 2008, in the 55th District Court of Harris County, Texas.  Citing the filing by the Murphys of a lawsuit contesting HSBC's right to foreclose, the 295th District Court, on November 24, 2008, "automatically abated" and dismissed HSBC's application for expedited non-judicial foreclosure.  *See* Document No. 3-2.  The dismissal Order, which was

3

mandated by Texas law at the time, TEX. R. CIV. P. 736.10 (West 2010),[1] was signed by counsel for HSBC, as being approved as to form only, *and* signed by counsel for the Murphys, *as being approved as to form and substance*.  Document No. 3-2.

Section 16.035(a), (d) of the Texas Civil Practice and Remedies Code provides for a four year statute of limitations on a suit to recover real property or foreclose on a real property lien:

> A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues. . . . On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void.

The Texas Supreme Court addressed this four year limitations period, and the accrual date for the limitations period under § 16.035 in *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562 (Tex. 2001).  In *Holy Cross*, the Supreme Court held that for a note with an optional acceleration clause a cause of action accrued for purposes of § 16.035's four year statute of limitations period when the "holder actually exercises its option to accelerate" by providing first a notice of intent to

---

[1] At the time the dismissal Order was entered, TEX. R. CIV. P. 736.10 provided:

> A proceeding under Rule 736 is automatically abated if, before the signing of the order, notice is filed with the clerk of the court in which the application is pending that respondent has filed a petition contesting the right to foreclose in a district court in the county where the application is pending.  A proceeding that has been abated shall be dismissed.

Effective January 1, 2012, that Rule was amended and now provides:

> A proceeding or order under this rules is automatically stayed is a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. in the Monday before the schedules foreclosure sale.

TEX. R. CIV. P. 736.11.

4

accelerate and then a notice of acceleration. *Id.* at 566. The Texas Supreme Court also noted, however, that a holder could abandon acceleration by continuing "to accept payments without exacting any remedies available to it." *Id.* at 566-567.

Following *Holy Cross*, the Court of Appeals in *Khan* addressed an alleged abandonment of acceleration for purposes of the four year limitations period in § 16.035. The court in *Khan* first re-iterated the Supreme Court's position in *Holy Cross* as to abandonment: "A note holder who exercises its option to accelerate may 'abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity.'" *Khan*, 371 S.W.3d at 353 (quoting *Holy Cross*, 44 S.W.3d at 566-67). The *Khan* court then, by reference to the Texas Supreme Court's decision in *San Antonio Real-Estate, Bldg. & Loan Ass'n v. Stewart*, 94 Tex. 441, 61 S.W. 386, 388 (1901), acknowledged that "acceleration can be abandoned by agreement or other action of the parties" and that a written agreement was not required. *Khan*, 371 S.W.3d at 353, 356.

The Murphys rely almost exclusively on *Khan* for their argument that the acceleration of the Note in this case was not abandoned because they have made no payments on the Note following the 2008 acceleration, and there was no "agreement" that the 2008 acceleration of the Note was to be abandoned. The Murphy's' argument, however, is based on the unsupported premise that HSBC could not unilaterally abandon the 2008 acceleration. Texas law does not so provide. In particular, there is no Texas authority to support the Murphys' argument that they had to be a party to any abandonment of the 2008 acceleration, and no Texas authority that any mutual intent was needed for the 2008 acceleration to be abandoned. *Holy Cross*, with its holding that abandonment can occur when a note holder unilaterally decides to accept payments from a debtor "without exacting any remedies," suggests directly to the contrary. *See also Clawson v. GMAC Mortgage, LLC*, No. 3:12-

CV-00212, 2013 WL 1948128 * 4 (S.D. Tex. May 9, 2013) (Texas law "does not preclude a note holder from abandoning acceleration without express agreement from the borrower.").

Moreover, beyond the facts and circumstances at issue in *Holy Cross* and *Khan*, the undisputed facts of this case, as evidenced by the public documents HSBC has submitted, are that HSBC diligently, and within the four year limitations period, commenced an expedited foreclosure proceeding against the Murphys in 2008.  Upon the Murphys' filing of their own lawsuit, HSBC's foreclosure proceeding was, pursuant to Tex. R. Civ. P. 736.10 (West 2010) abated and dismissed, *with the Murphys' agreement*.   The public documents HSBC has submitted show, unequivocally, that the Murphys' attorney signed the Order of dismissal, approving it as to both form *and substance*. Document No. 3-2.  That Order of dismissal of the foreclosure proceeding, which was required by Texas law at the time, constitutes an abandonment of the 2008 acceleration.  HSBC could not at that time, as a matter of law, pursue an expedited foreclosure while the Murphys' lawsuit was pending, Although the Murphys make much of the fact that HSBC could have sought foreclosure as a counterclaim in the lawsuit they filed, HSBC was not required to do so, and was entitled to insist on its right under the Security Instrument to pursue foreclosure in an expedited proceeding. *See* Security Instrument (Document No. 10-2) at p. 19 of 31, ¶ 21 ("The lien evidenced by this Security Instrument may be foreclosed upon only by a court order.  Lender may, at its option, follow any rules of civil procedure promulgated by the Texas Supreme Court for expedited foreclosure proceedings related to the foreclosure of liens under Section 50(a)(6), Article XVI of the Texas Constitution"); *see also e.g., Clawson*, 2013 WL 1948128 at *4-5 (note holder was not required to assert a counterclaim seeking a foreclosure order in a suit brought by a homeowner against it where the contractual terms of the Deed of Trust provided the note holder with other avenues for pursuing

6

foreclosure).

The Order of dismissal of November 24, 2008, which was signed and agreed to by the Murphys, and which was required by Texas law in effect at the time, operates as an abandonment of the 2008 acceleration.  The Magistrate Judge therefore

RECOMMENDS that Plaintiffs' Motion for Rehearing and Reconsideration (Document No. 20) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 10th   day of March, 2014.

Frances H. Stacy
United States Magistrate Judge

7