IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PATRICK O'BRIEN MURPHY a/k/a      §
O'BRIEN MURPHY AND BEVERLY        §
MURPHY,                           §
                                  §
           Plaintiffs,            §
                                  §
VS.                               §   CIVIL ACTION NO. H-12-3278
                                  §
HSBC BANK USA AS TRUSTEE FOR THE  §
WELLS FARGO ASSET SECURITIES      §
CORPORATION HOME EQUITY ASSET-    §
BACKED CERTIFICATES, SERIES       §
2006-1,                           §
                                  §
           Defendant.             §

<u>OPINION AND ORDER</u>

Pending before the Court, challenging the validity of the assignment of Plaintiffs Patrick O'Brien Murphy and Beverly Murphy's ("the Murphys'") mortgage note, is a motion filed by Defendant HSBC Bank USA, as Trustee for the Wells Fargo Asset Securities Corporation Home Equity Asset-Backed Certificates 2006-1 ("HSBC") for rehearing and reconsideration (instrument #33) of the Court's April 23, 2014 Opinion and Order (#31) and Final Summary Judgment (#32), both signed on September 12, 2013.

Objecting that not only is the Court's decision in #31 "exceedingly inequitable because Plaintiffs openly admit to intentionally defaulting on their loan to force HSBC's mortgage servicer, Wells Fargo Bank USA, to negotiate another refinancing of their home and then taking every available avenue to thwart HSBC's

-1-

attempts to foreclose" [1] on their home at 503 Flaghoist Lane, Houston, Texas 77079, in addition HSBC puts forth three reasons supporting reconsideration: (1) the order was based on a erroneous finding that the Murphys objected to the dismissal of the 2008 expedited non-judicial foreclosure proceeding when in fact they actually caused the dismissal of the proceeding; (2) the Court did not consider several other reasons supporting the dismissal of the Murphys' claim, in particular that the limitations period was tolled during the pendency of their first lawsuit; and (3) the Court entered judgment without giving HSBC an opportunity to answer or conduct discovery, which HSBC raised in its response (#10) and its motion for continuance (#8).[2]

After reviewing the record, the Court concedes that in its recent Opinion and Order (#31) it confused which party put forth

---

[1] #33 at p. 1.

[2] Regarding HSBC's objection to the lack of an opportunity to perform discovery, in an order (#9) entered on December 19, 2012, the Court granted HSBC's request for a continuance (#8) to allow discovery before filing a response to the Murphys' counter motion for summary judgment on limitations grounds (#7).  Apparently HSBC was not aware of the order and on December 26, 2012 filed a response (#10) to the counter motion because "[t]he Court has not yet ruled on this motion for a continuance" (#10 at p.3). It further stated, "To the extent that further discovery is required to respond to Plaintiffs' allegations regarding HSBC's abandonment of the 2008 acceleration, HSBC urges the Court to grant its Motion for a Continuance to allow for this discovery." HSBC did not subsequently clearly indicate to the Court that it still needed such time and discovery and, as will be discussed, the Murphys question whether they do.  The Court continues this review with HSBC's request in mind.

which arguments and therefore made errors of fact and law. The safest and fairest way to proceed is to grant both Plaintiffs' motion for rehearing and reconsideration (#20) of the Court's September 19, 2013 Opinion and Order (#19) as well as the HSBC's motion for reconsideration (#33), and to freshly review issues and arguments raised by the both sides.

## Standard of Review

A motion to reconsider a final judgment is properly viewed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) if filed within 28 days after entry of judgment, as is the case here. "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(*quoting In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)), *cert. denied sub nom Irvin v. Hydrochem, Inc.*, 543 U.S. 976 (2004). Rule 59(e) should not be used to rehash evidence, legal theories or arguments that could have been made before entry of judgment. *Templet*, 367 F.3d at 478. Instead the purpose of the Rule is to allow a party to correct manifest errors of law or fact or to present newly discovered evidence. *Id.* Granting a Rule 59(e) motion is an "extraordinary remedy that should be used sparingly. *Id.* The Court should be mindful of and strike a balance between the need to bring the litigation to an end and the need to render equitable decisions on the basis of all the facts. *Id.*

## Amended Procedural History

After refinancing a loan on their property at 503 Flaghoist Lane, Houston, Texas 77079 in 2006,[3] in early 2008 the Murphys admittedly intentionally defaulted on their mortgage payments in an attempt to force Wells Fargo to negotiate another refinancing of their home,[4] based on Wells Fargo's alleged promise that if their credit improved and they made their payments, they could refinance after two years at a lower interest rate. Wells Fargo, as mortgage servicer for HSBC, then accelerated the loan, sending a notice of intent to accelerate in April 2008, and on June 12, 2008, Plaintiffs received a notice of acceleration informing them that the principal and interest on the loan were immediately due and payable (#1, Exs. C and D).

On June 19, 2008 Wells Fargo assigned the Note and Deed of Trust on the loan to HSBC, which then retained Wells Fargo as its loan servicer on the Murphys' loan. On July 12, 2008, Wells Fargo and HSBC filed an application for expedited non-judicial foreclosure in the 295th Judicial District Court of Harris County, Texas. To halt the foreclosure, the Murphys then sued Wells Fargo

---

[3] Copies of the Note and Texas Home Equity Security Instrument executed by the Murphys are attached to the Original Petition (Instrument #1-3, Ex. B.2). Patrick Murphy admitted during his deposition that they deliberately withheld their monthly payments for this reason.

[4] Original Petition at ¶ 10 (#1, Ex. B.2 at ¶10: "Wells Fargo counterclaimed, but sought in their counterclaim only a declaratory judgment that the Murphys were in default (*hardly necessary as the Murphys admitted they stopped making payments in their petition*) and attorneys fees. [emphasis in the original]."

and HSBC in the 55th Judicial Court of Harris County, Texas (the
"First Lawsuit") for fraud, breach of contract, and violation of
the Texas Deceptive Trade Practices-Consumer Protection Act
("DTPA") and sought a declaratory judgment.  As required by Texas
Rule of Civil Procedure 736.10, [5] on November 24, 2008 the 295th
Judicial District Court abated and dismissed Wells Fargo and HSBC's
action seeking expedited non-judicial foreclosure.  Subsequently in
the Murphys' First Lawsuit, after the Murphys challenged the
standing of Wells Fargo or HSBC to foreclose on their house, on

_____

[5] In effect at the time, Rule 736.10 (West 2010) provided,

A proceeding under Rule 736 is automatically abated if,
before the signing of the order, notice is filed with
the clerk of the court in which the application is
pending that respondent has filed a petition contesting
the right to foreclose in a district court in the
county where the application is pending.  A proceeding
that has been abated shall be dismissed.

Rule 736.10 was amended, and is now Rule 736.11, effective
January 1, 2012.  Rule 736.11 stays rather than abates a pending
application for expedited nonjudicial foreclosure if the
respondent files an independent suit challenging the application
for foreclosure.  It further requires the respondent to give
prompt notice of the filing of the independent suit to the
applicant for foreclosure to stop the scheduled foreclosure and,
within ten days of filing that suit, to file a motion to dismiss
or vacate with the clerk of the court in which the application
for foreclosure was filed.  That clerk must then dismiss the
application proceeding if no order has been signed, or if an
order has been signed, vacate the Rule 736 order.  If the
automatic stay under this rule is in effect, any foreclosure sale
of the property is void.
    The Court notes that on appeal of the Murphys' first state-
court lawsuit, the Texas Supreme Court states that it was filed
pursuant to Rule 736.11.  *See, e.g., Wells Fargo Bank, N.A. v.
Murphy*, ____ S.W. 3d ____, 2015 WL 500636, at *1 (Tex. Feb. 6,
2015).  The result does not differ here.

-5-

March 29, 2011, the district court granted summary judgment in favor of Wells Fargo and HSBC, dismissed the Murphys' claims, and awarded Defendants fees and costs against the Murphys, personally.[6]

On appeal, on February 12, 2013, the 14th Court of Appeals in Houston affirmed the district court's summary judgment, but reversed the award of fees and costs against the Murphys personally, stating that the banks could only recover fees and costs against the property. *Murphy v. Wells Fargo Bank, N.A.*, No. 14-11-00560-CV, 2013 WL 510129 (Tex. App.--Houston [14[th] Dist.] Feb. 12, 2012).  The court of appeals' decision regarding the award of fees and costs was appealed and was only recently reversed in that part, and the district court's judgment was reinstated. *Wells Fargo Bank, N.A. v. Murphy*, ___ S.W. 3d ____, 2015 WL 500636, at *6 (Tex. Feb. 6, 2015).

Meanwhile, after the abatement and dismissal of HSBC's application for expedited, nonjudicial foreclosure and the trial court's summary judgment in the Murphys' First Lawsuit in favor of Wells Fargo and HSBC, HSBC sent Plaintiffs a new notice of intent to accelerate on December 30, 2011, [7] and a new notice of acceleration on June 20, 2012.[8]  On August 16, 2012, HSBC filed a

---

[6] Copy of final summary judgment at #10-6, Ex. F.

[7] Copy included in #10-7, Ex. G.

[8] *See Slay v. Nationstar Mortg., LLC*, No. 2-09-052-CV, 2010 WL 670095, at *3 (Tex. App.--Fort Worth Feb. 25, 2010, pet. denied)("The plain language of section 16.035(a) does not require that the actual foreclosure occur within the four-year limitation period, but rather, requires only that the party seeking

new application for non-judicial foreclosure in the 270th Judicial District.[9]  In turn, on September 26, 2012, the Murphys filed the instant suit in the 151st District Court of Harris County, Texas against HSBC, claiming an invalid chain of title and unenforceable Note and Deed of Trust based on limitations grounds and seeking a declaratory judgment.  The Murphys' suit was transferred to the 270th Judicial District, where HSBC had filed its second Application for Court Order Allowing Foreclosure, and on November 5, 2012  HSBC removed the case to this Court on diversity jurisdiction.

On November 13, 2012 HSBC filed a motion to dismiss for failure to state a claim on the grounds that (1) this action is barred by *res judicata* based on the First Lawsuit filed by the Murphys contesting Wells Fargo and HSBC's standing to foreclose on their house; and (2) that this action was not barred by the four-year statute of limitations.  Tex. Civ. Prac. & Rem. Code § 16.035. #7.  The Murphys filed a counter motion for summary judgment under Fed. R. of Civ. P. 12(b)(6) based on the four-year statute of limitations for effecting a foreclosure sale after acceleration of the note.

In its Opinion and Order of September 12, 2013 (#19), because

---

foreclosure 'bring suit . . . not later than four years after the day the cause of action accrues.'").  Therefore unless the first acceleration was effectively abandoned, continued, or waived, and therefore a new, independent acceleration invoked in June 2012, HSBC's second suit, i.e., the instant action, was outside the four-year limitations period and is time-barred.

    [9] #10-7 Ex. G.

the state district court judgment in the Murphys' First Lawsuit was still on appeal and thus not final, the Court denied the motion to dismiss as to the *res judicata* claim and stayed the case until a final ruling is issued.  Noting that under Tex. Civ. Prac. & Rem. Code § 16.035(b) and (d), "a sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made no later than four years after the day the cause of action accrues," and "on expiration of the four-year limitations period, the real property lien and a power of sale to enforce the property lien become void," the Court found that the Murphys had pleaded sufficient facts to state a claim that HSBC's mortgage foreclosure claim accrued when HSBC accelerated the Note on June 12, 2008[10] and that HSBC's second application for foreclosure was not filed until August 16, 2012, more than four years later; thus taking the Murphys' well-pleaded facts as true, the Court found that the Murphys had stated a claim challenging the validity of the lien on their house.

The Court determined that the Murphys' limitations claim failed as a matter of law because, pursuant to § 16.035 of the Tex.

_____

[10] *Citing Holy Cross Church of God in Christ v. Wolf*, 44 S.W. 3d 562, 566 (Tex. 2001)(where the note or deed of trust secured by real property contains an optional acceleration clause, an action "accrues when the holder [of the Note or Deed of Trust] actually exercises its option to accelerate.").  Nevertheless, to be effective acceleration requires two acts:  a notice of intent to accelerate and a notice of acceleration.  *Shumway v. Horizon Credit Corp.*, 801 S.W. 2d 890, 892 (Tex. 1991), *citing Ogden v. Gibralter Savings Ass'n*, 640 S.W. 2d 232, 233 (Tex. 1981).

Prac. & Rem. Code, the parties by agreement had abandoned the first acceleration in 2008. The Court reasoned that not only was HSBC's first application for nonjudicial foreclosure automatically abated and dismissed under § 16.035 once the Murphys filed their First Lawsuit, but both parties signed the order to do so and the dismissal was not opposed by HSBC. Furthermore, under Texas law, if a noteholder exercises its right to abandon acceleration of the note, the contract is restored to its original condition and the note to its original maturity date. *Khan v. GBAK Properties, Inc.*, 371 S.W. 3d 347, 353 (Tex. App.--Houston [1st Dist.] 2012)(a sale of the property under a power of sale in the deed of trust that creates a real property lien must be effected not more than four years after the date the action accrues; when the four-year period expires, the real property lien and the power of sale to enforce the lien become void)(*citing* § 16.035(b); *Holy Cross Church*, 44 S.W. 3d at 567); *Denbina v. City of Hurst*, 516 S.W. 2d 460, 463 (Tex. Civ. App.--Tyler 1974, no writ). Thus because of the agreed dismissal of the application for expedited nonjudicial foreclosure, the Court concluded that the original acceleration on June 12, 2008 was abandoned and the contract restored to its original condition.

It determined that the current cause of action accrued subsequently when HSBC sent the Murphys another notice of intent to accelerate on December 30, 2011 and a second notice of acceleration on June 20, 2012, the accrual date triggering the running of the

new statute of limitations (since the former acceleration had been abandoned). HSBC filed a new, timely application for nonjudicial foreclosure on August 16, 2012. The Murphys then filed the instant suit on September 26, 2012. Therefore, the Court determined, the Murphys' second claim that the second proceeding for foreclosure is barred by limitations under § 16.035 fails as a matter of law and must be dismissed under Rule 12(b)(6).

The Murphys filed a motion for rehearing (#20) of #19 on the limitations bar issue only, which was referred to the Magistrate Judge for a memorandum and recommendation. They argued that abandonment of acceleration requires an agreement of both the note holder and the debtor, or a course of conduct by both parties to evidence a mutual intent to restore the note to its original terms. *Khan*, 371 S.W. 3d 347. They contended that the Court misconstrued the order dismissing the original expedited foreclosure action as one agreed to by the parties when the order simply dismissed the action and when counsel for HSBC approved only the form of the order, a common practice in contested issues.

HSBC disagreed, arguing that the law does not require a formal written agreement or joint action to abandon an acceleration of a note and that the Court correctly determined that a borrower cannot strip a lender of its rights by unilaterally acting or refusing to act. It maintained that the Court properly found that HSBC's conduct and the dismissal order of the 295th District Court

constituted abandonment of the June 12, 2008 acceleration and that the contract was restored to its original condition.

Magistrate Judge Stacy found no error in this Court's determination that HSBC had abandoned its 2008 acceleration of the note by the agreed dismissal of the foreclosure proceeding in connection with the Murphys' state court litigation.   #28. Moreover she concluded that a noteholder may unilaterally abandon acceleration of the note without express agreement from the mortgagor when it shows abandonment by "other action." *Clawson v. GMAC Mortgage, LLC*, No. 3:12-CV-0212, 2013 WL 1948128, at *4 (S.D. Tex. May 9, 2013), *citing Holy Cross*, 44 S.W. 3d at 566-67 (observing that a noteholder can unilaterally abandon acceleration and restore the note to its original terms by continuing to accept payments on the note without exacting available remedies); and *Denbina*, 516 S.W. 2d at 463 (finding that noteholder abandoned acceleration when it took a nonsuit on a counterclaim).   The Magistrate Judge found that (1) this Court properly took judicial notice of the public documents, as well as considered documents attached to the complaint and to the motion to dismiss that were central to the Plaintiffs' claims and which demonstrated that the Murphys' attorney approved the order of dismissal of HSBC's application in both form and substance, and (2) the approved order constituted abandonment of the 2008 acceleration.   Thus as a matter of law HSBC could not pursue an expedited foreclosure while the

Murphys' lawsuit was pending.  She further concluded that HSBC was
not required to seek foreclosure as a counterclaim in the Murphys'
lawsuit.  Therefore Magistrate Judge Stacy recommended that this
Court deny the Murphys' motion for rehearing.

The Murphys filed objections (#29 and 30) to the Magistrate
Judge's Memorandum and Recommendation, which the Court addressed in
its Opinion and Order of April 13, 2014 (#31), the one now under
attack.  In that document the Court granted the Murphys' motion for
rehearing and reconsideration, vacated its previous Opinion and
Order (#19), and granted the Murphys' motion for summary judgment
(#7) on limitations grounds.

As stated earlier the Court agrees with HSBC that it made
errors of fact and law in that Opinion and Order (#31) that warrant
vacating that Opinion and Order and the Final Summary Judgment.[11]

---

[11] The Court observes that the Murphys explicitly state (#34
at pp. 2-3) that they

agree with HSBC that this Court, on several occasions,
misnamed the parties when describing positions taken by
them," but argue "these innocent clerical errors [do
not] constitute such manifest error that this Court
should reverse its opinion.  Instead, the Murphys
believe that these innocent errors are mere clerical
mistakes, oversights or omissions that can be corrected
by the Court pursuant to FRCP 60(a).  Moreover, the
misnaming of the parties had nothing to do with the
ultimate basis of the Court's opinion, that the prior
order dismissing the 736 action was not an agreed order
that signaled an agreed abandonment of HSBC's
acceleration of the note in issue in 2008, and further
that there was no evidence or argument showing
abandonment other than a new notice of acceleration and
736 action, and such action was not sufficient to

-12-

Plaintiffs' objections (#29 and 30) first assert that the Court's "most glaring factual error" was its finding that the state court order dismissing HSBC's application for expedited foreclosure was an agreed order that constituted an abandonment of HSBC's acceleration of the note.   The order merely stated, "Pursuant to TRCP 736, Section 10, this proceeding is therefore automatically abated and should be dismissed.  Accordingly, this proceeding is in all things Dismissed."  #3-2.   Rule 736 mandated abatement and dismissal after Plaintiffs filed their petition contesting foreclosure in state court.  Plaintiffs assert the magistrate judge incorrectly assumed that signatures approving the form of the order constituted proof to an agreement between the parties.  The Murphys argue that phrase "approved as to form and substance" has long been held insufficient to make a judgment a consent judgment not subject to appeal.  *Oryx Energy Company v. Union National Bank of Texas*, 895 S.W. 2d 409, 417 (Tex. App.--San Antonio 1995, writ denied); *First Am. Title Co. v. Adams*, 829 S.W. 2d 356, 364 (Tex. App.-- Corpus Christi 1992, writ denied).  There must be other evidence in the record demonstrating agreement of the parties to the dismissal. *First American*, 829 S.W. 2d at 364.  Plaintiffs further contend that HSBC vigorously opposed the motion to dismiss in three oral

---

demonstrate abandonment as a matter of law.

The Court finds that the confusion is better and more equitably cured by a fresh review of the parties' submissions.

-13-

hearings.  Ex. A.  The judge concluded that TRCP 736(10) mandated dismissal.  Even if the order had been agreed to, the Murphys maintain that nowhere does it state that the prior acceleration is abandoned.

In its challenged Opinion and Order the Court examined the question whether such an order of dismissal is a sufficient "agreement" to constitute abandonment of that acceleration of the note and hereby reaffirms its legal conclusion there, agreeing with the Murphys regarding that the order of dismissal of the foreclosure application was insufficient to show that as a matter of law the parties agreed to abandon the first acceleration:

> Regarding Plaintiffs' contentions about the phrases "approval as to form and substance" and/or "approval as to form" this Court notes that there is a split among the Texas courts of appeals on this question and that some courts support the Court's earlier decision. [12]  *See, e.g., In re D.C.*, 180 S.W. 3d 647, 649 (Tex. App.-Waco Oct. 12. 2005).  Among those holding that approving a judgment as to form and substance creates a consent judgment that cannot be appealed are *DeLee v. Allied Finance Co. of Dallas*, 408 S.W. 2d 245 (Tex. Civ. App.-- Dallas 1966); *Cisneros v. Cisneros*, 787 S.W. 2d 550, 552 (Tex. App.--El Paso 1990, no writ)("Approval as to

---

[12]  A signed approval of a judgment can make the judgment a consent judgment.  *Holler v. State Farm Mutual Auto Ins. Co.*, 551 S.W. 2d 46, 48 (Tex. 1977).  A party may not appeal an agreed judgment unless he alleges and shows fraud or misrepresentation because the effect of a consent judgment is to waive all errors except lack of jurisdiction.  *DeLee v. Allied Finance Co.*, 408 S.W. 2d 245, 247 (Tex. App.--Dallas 1966, no writ);  *Dunman v. Hartwell*, 9 Tex. 495, 495 (Tex. 1853).  Approval of a judgment as to form only, which signifies that the person agrees that the written judgment accurately reflects the court's ruling, does not, however, waive the right to appeal the judgment.  *Sigma Systems Corp. v. Electronic Data Systems Corp.*, 467 S.W. 2d 675, 677 (Tex. Civ. App.--Tyler 1971, no writ).

-14-

substance of a judgment is tantamount to an agreement by the signatory that the judgment meets all of the essential requirements. By Appellant's approval of the substance of the judgment we hold that Appellant has waived any error in the judgment . . . ."); *Bexar County Criminal Dist. Attorney's Office v. Mayo*, 773 S.W. 2d 642, 644 (Tex. App.--San Antonio 1989, no writ)("Consent must be explicitly and unmistakably given. The notation 'Approved,' standing alone, is too indefinite to justify declaring as a matter of law that a judgment is a consent judgment. We hold that when an attorney's signature indicates 'Approved,' he has simply approved the judgment as to form only, unless the language in the judgment indicates that the substance of the judgment was also agreed. The better practice is to remove all uncertainly by stating 'Approved as to Form Only' or 'Approved and Agreed' or 'Approved as to Form and Substance.' Because the State did not agree to the order, it was entitled to bring this appeal."); *Allied First Nat'l Bank of Mesquite v. Jones*, 766 S.W. 2d 800, 801 (Tex. App.--Dallas 1988, no writ); *Claxton v. (Upper) Lake Fork Water Control and Imp. Dist. No. 1*, 220 S.W. 3d 537, 544 (Tex. App.--Texarkana 2006); *Office of Attorney General of Texas v. Wilson*, 24 S.W. 3d 902, 906 (Tex. App.--Dallas 2000). *See also Seeberger v. BNSF Ry. Co.*, No. 01-12-00583, 2013 WL 5434141, at *5 (Tex. App.--Houston [1st Dist.] Sept. 26, 2013)("Seeberger noted his objection on the proposed judgment by limiting approval to form only, which "does not waive any error in the proceedings or incident to the judgment itself."), *quoting Cisneros*, 787 S.W. 2d at 552.

Other courts have held that neither "approved as to form" or "approved as to form and substance," standing alone, transforms the judgment into a consent judgment. *See, e.g., Chang v, Nguyen*, 81 S.W. 3d 314, 316, 319 n. 1 (Tex. App.--Houston [14th Dist.] 2001, no pet.).

Nevertheless, the Court's research has led it to conclude, and thus to agree with the Murphys, that the majority of courts have held that a counsel's agreement as to form and content of a judgment, standing alone, is insufficient to constitute an unappealable agreed judgment. *Andrew Shebay & Co., PLLC v. Bishop*, ___ S.W. 3d ___, 2013 WL 1844213, at *1 (Tex. App.--Houston [1st Dist. May 2, 2012)(and cases cited therein); *DeClaris Associates v. McCoy Workplace Solutions, L.P.*, 331 S.W. 3d 556, 560 (Tex. App.--Houston [14th Dist. Feb. 3, 2011)("simple approval of the form and substance of the judgment does not suffice to establish a judgment as an unappealable agreed judgment; the record of the case showed that the case was contested throughout the proceedings); *Durden v. McClure,* 281 S.W. 3d 137, 140 (Tex. App.--San Antonio Nov. 9, 2008)(same); *Bonner v.*

*Texas Children's Hosp.*, No. 13-03-228-CV, 2006 WL 349510,
at *2 & n.5 (Tex. App.--Corpus Christi Feb. 18, 2006)(and
cases cited therein); *Cash v. Cash*, 2005 WL 1787552, at
*3 n.7 (Tex. App.--Austin July 27, 2005); *Leeper v.
Woodrick*, No. 2-04-371-CV, 2005 WL 1475614, at *2 (Tex.
App.--Fort Worth June 23, 2005); *Baw v. Baw*, 949 S.W. 2d
764, 766-67 (Tex. App.--Dallas 1997, no pet.).

     Furthermore, this Court observes the situation here
is distinguishable from the usual agreed or consent
judgment.  The ruling made by the state court abating and
dismissing HSBC's application for expedited non-judicial
foreclosure was not discretionary, but was mandated by
law, by Texas Rule of Civil Procedure 736(10), once the
Murphys filed their suit contesting HSBC's right to
foreclose.  Furthermore the state court's dismissal as a
matter of law was not appealable under Texas Rule of
Civil Procedure 736(8) then in effect, and thus the
differing interpretations of the effects of "approval,"
"approval of form only," and "approval of form and
substance" are irrelevant. (#31 at pp. 24-27)

The Murphys argue that the cases cited by the magistrate judge

for the position that a lender could unilaterally withdraw an

acceleration were not instances where the parties agreed to

abandonment in writing, but instead where overt actions evidenced

withdrawal of the acceleration that were known to the public and

the borrower.  *See Clawson v. GMAC Mortgage, LLC f/k/a GMAC

Mortgage Corp.*, No. 3:12-CV-00212, 2013 WL 1948128 (S.D. Tex. May

9, 2013)(lender then recorded in the real property records a public

notice that it was rescinding the acceleration at the request of

Clawson to allow Clawson to cure the default); *Khan*, 371 S.W. 3d at

350 (debtor and Bank of Texas entered into an agreed order that the

bank would not proceed with foreclosure provided that the debtor

made monthly payments on the debt); *Denbina*, 516 S.W. 2d at 463

(The City filed a nonsuit of its accelerated claims with the

court.).  *See also San Antonio Real Estate Bldg. & Loan Ass'n v.*

*Stewart*, 61 S.W. 386, 388–89 (Tex. 1901)("It is not in the power of the creditor by his acts alone to change the rights of the parties resulting from the maturity of the debt.  But both parties, by their joint action, may also alter such rights that the creditor would no longer have the right to demand nor the debtor to pay the entire indebtedness.").  Here there was no re-commencement by the Murphys in making regular payments on their mortgage nor has HSBC accepted such payments to imply abandonment of acceleration of the note.  Instead HSBC filed a counterclaim seeking a judgment that the Murphys were in default, an action inconsistent with abandonment of the acceleration and restoration of the note.  The Murphys further highlight the fact that HSBC had ample remedies to initiate foreclosure within the limitations period under Texas Rule of Civil Practice 735[13] (effective until January 1, 2012), but chose not to pursue them.  In sum, there was no adequate agreement of the parties to dismiss the case nor action or actions by them that would constitute abandonment of the 2008 acceleration of the note.

---

[13] Section 735 (effective until January 1, 2012, provided,

A party seeking to foreclose a lien created under Tex. Const. art XVI, § 50(a)(6), for home equity loan, or Tex. Const. art. XVI, § 50(a)(7), for a reverse mortgage, that is to be foreclosed on grounds other than Tex. Const. art. XVI, §§ 50(k)(6)(A) or (B), may file:  (1) a suit seeking judicial foreclosure; (2) a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure under the security instrument and Texas Property Code § 51.002, or (3) an application under Rule 736 for an order allowing foreclosure.

-17-

Observing that the Security Agreement gives HSBC the right to choose the most expeditious means to enforce its rights, the Murphys charge that the magistrate judge ignored ¶¶ 21 and 22 of the Agreement requiring that in any acceleration notice the lender must give the debtor notice of the right to file suit to contest foreclosure, that foreclosure is only accomplished by court order, and that the Security Agreement incorporates the Rules of Civil Procedure, including 2008 version of Rules 735 and 736,[14] into the Agreement.  Under these Rules HSBC could have and should have acted within the four-year statute of limitations.  The Murphys insist that the dismissal order has no prejudicial effect on either party, and that the Murphys took no action to obstruct HSBC from enforcing its rights, as provided in Tex. R. Civ. P. 735 and 736(9), but that HSBC chose not to act within the applicable time.  In sum, Plaintiffs assert the Court erred as a matter of law in holding that the circumstances here constituted abandonment.

---

[14]  Section 736.9 (effective until January 1, 2012, provided,

**Nonpreclusive Effect of Order.**  No order or determination of fact or law under Rule 736 shall be res judicata or constitute collateral estoppel or estoppel by judgment in any proceeding or suit.  The granting of an application under these rules shall be without prejudice to the right of the respondent to seek relief at law or in equity in any court of competent jurisdiction.  The denial of an application under these rules shall be without prejudice to the right of the applicant to re-file the application or seek other relief at law or in equity in any court of competent jurisdiction.

Without going into detail about the misidentification of the parties and their arguments, the Court notes that in its Opinion and Order of April 23, 2014 (#31) it determined (1) there was no agreement between the sides to dismiss HSBC's first suit for expedited judicial foreclosure and thus the order of dismissal did not abandon HSBC's 2008 acceleration of the note; (2) as a matter of law a noteholder cannot unilaterally rescind acceleration over the objection of the debtor; (3) in addition to an agreement, joint action can alter the creditors' right to accelerate and demand payment of the indebtedness or do away with the default, and a noteholder can waive its own rights to accelerate the note; and (4) here there was no agreement, no joint action implying abandonment, indeed no abandonment, and no waiver by HSBC of its right to accelerate, and thus HSBC failed to file its second action for foreclosure timely.  The Court therefore vacated its September 12, 2012 Opinion and Order (#19), denied Defendants' motion to dismiss, and granted the Murphys' motion for summary judgment on limitations grounds.

HSBC's motion for reconsideration (#33) of the Court's most recent Opinion and Order (#31) argues that the Opinion is based on a misunderstanding of the facts and emphasizes that contrary to the Court's finding, the Murphys did not object to the dismissal of HSBC's acceleration proceeding and in fact sought the dismissal and caused it by filing their state court suit.  Nor did HSBC contest

the dismissal.   HSBC challenges the Murphys' contention HSBC contested the dismissal and that three hearings were held on the dismissal in state court as incorrect:  instead the same hearing was reset twice to a later date.  #33, Exs, B, C, and D.  The Court finds that these exhibits prove that HSBC is right.   Moreover, notes HSBC, the Murphys did not even file the suit that led to the dismissal until three days before the last hearing date.

HSBC further argues that the Court read *San Antonio Real Estate*, 61 S.W. 386, too narrowly in holding that a lender cannot unilaterally abandon its acceleration of a note.  *San Antonio Real Estate*'s holding is correct on its particular facts, which are quite different from those here.  The case addressed a lender whose loan did not provide the lender with an option to accelerate upon default.  Moreover if the lender accelerated, the borrower obtained a right to pay off the loan in full, a right that it did not have before acceleration.  The Texas Supreme Court ruled that "while neither party by his separate action or nonaction could impair the rights of the other, each could waive his own rights" and where each acted so the other justifiably believed that the effect of the borrower's failure to pay an installment would be disregarded and the contract would continue as if there had been no default, the principle of estoppel by waiver would apply.  *Id.* at 388–89. Here, the Murphys did not obtain any rights by HSBC's acceleration of the note, and under the note's terms they always had the right to pay

off the loan in full.  Thus a unilateral action by HSBC could abandon the acceleration.[15]

Instead of abandonment by agreement of the parties, HSBC argues that there is evidence here that the acceleration was abandoned by "other actions of the parties."  The  2011 notice of intent to accelerate sent by loan servicer Wells Fargo to the Murphys (#10 at Ex. G at electronic page numbers 20-33) not only shows that the previous acceleration of the note was abandoned, but it stated in part that while the loan was in default, the Plaintiffs could cure the default by paying only the past due amounts (rather than the full amount that would be due if the loan were accelerated), and that if the Murphys failed to thus cure the default within 30 days, HSBC would accelerate the note and require the full amount be due and payable immediately.  #10 at Ex. G. This notice's content made clear that the prior acceleration had been abandoned.  HSBC further asserts that any statute of limitations that may have been running was thus stopped.  Not only does the notice constitute abandonment of the earlier acceleration, but there is no evidence that the Murphys objected, so it even satisfies the Court's narrow view of *San Antonio Real Estate*, 61 S.W. 386.  At the least, this second notice of intent to foreclose

---

[15] The right of the lender to unilaterally abandon acceleration by a notice of rescission is discussed further in this Court's opinion in *Callan v. Deutsch*, 4:13-CV-247, filed March 23, 2015.

creates a fact issue to preclude summary judgment.  Furthermore there is no evidence that HSBC acted in any way other than indicating that the acceleration of the note had been abandoned: it agreed to dismissal of the 736 proceeding; it did not seek a judicial foreclosure in the Murphys' First Lawsuit; and at the end of that lawsuit it sent a new notice of intent to accelerate.

Second, HSBC argues that the Court failed to consider the argument that the limitations period was tolled during the pendency of the First Lawsuit, demonstrating that the Murphys' limitations claims still fail.  Where "a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Hughes v. Mahaney & Higgins*, 821 S.W. 2d 154, 157 (Tex. 1991).  The rule applies in the foreclosure context. *Khan*, 371 S.W. 3d at 356 n.3.[16]

Although the Murphys argue that HSBC could have pursued judicial foreclosure as part of their 2008 suit, HSBC argues that it had a vested contractual and statutory right to pursue foreclosure through an expedited, nonjudicial foreclosure under

_____

[16] The Court observes that footnote 3, citing *Hughes v, Mahaney & Higgins*, actually states,

> We note that, in his sixth issue, Khan argues that the statute of limitations was also tolled due to other ongoing litigation concerning ownership of the property. . . We do not need to reach this issue however, because it would not result in greater relief. *See* Tex. R. App. P. 47.1/

Rule 736, a right that the Murphys cannot unilaterally take away by filing suit and demanding that HSBC pursue a different remedy. *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W. 3d 679, 682 (Tex. App.-- Houston [1st Dist.] 2011, no pet.)("[A] party seeking to foreclose a home equity loan has three options:  file '(1) a suit seeking judicial foreclosure; (2) a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure under the security instrument and Tex. Prop. Code § 51.002; or (3) an application under Rule 736 for an order allowing foreclosure.[17] [citing Rule 735]'"); *Kaspar v. Keller*, 466 S.W. 2d 326, 329 (Tex. Civ. App.--Waco 1971, writ ref'd n.r.e.)("[The mortgagor should not be permitted to destroy or impair the mortgagee's contractual right to foreclosure under the power of sale by the simple expedient of instituting a suit, whether groundless or meritorious, thereby compelling the mortgagee to abandon the extra-judicial foreclosure which he had the right to elect, nullifying his election, and permitting the mortgagor to control the option as to remedies."); *Douglas v. NCNB Texas Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992)(quoting *Kaspar*).  Even if the limitations period began to run on June 12, 2008, the date of the first acceleration), HSBC insists that the limitations period was tolled from November 13, 2008 to at least March 29, 2011 when the state court final judgment was

---

[17] "As its name suggests, Rule 736 provides a faster, more streamlined alternative to judicial foreclosure." *Huston*, 359 S.W. 3d at 682.

entered against Plaintiffs.[18]   Therefore the second, 2012 foreclosure application, filed on August 16, 2012, was timely.

Finally, as noted, HSBC insists the Court should withdraw its Opinion and Order so that HSBC has an opportunity to file an answer and take discovery, in particular on "other actions" of the parties that could constitute abandonment.

### Plaintiffs' Response (#34)

The Murphys reiterate that HSBC had other remedies to enforce its rights and the statement, "The denial of an application under these rules shall be without prejudice to the right of the applicant to re-file the application or seek other relief at law or in equity in any court of competent jurisdiction," in Rule 736(9) of the Rules for Home Equity loans, promulgated by the Texas Supreme Court.  The Murphys insist that both parties were on notice that all claims, including HSBC's right to seek foreclosure, were still in play.  To accept HSBC's argument would destroy the defense of limitations--the bank could reaccelerate every three years and 364 days and avoid limitations forever.  Moreover they emphasize that HSBC failed to come up with evidence of actions other than new acceleration letters to constitute abandonment.

The Murphys maintain that prior litigation is not enough to invoke the tolling of limitations under Texas law.  The *Hughes*

---

[18] As noted, that judgment was actually not final until the Texas Supreme Court issued its ruling, 2015 WL 500636, on February 6, 2015.

case, 821 S.W. 2d 154 (holding that when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statue of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted), is inapposite.   This is not a legal malpractice case and initiating a judicial or nonjudicial foreclosure, or expedited hearing under Rule 736, is not inconsistent with the position HSBC was taking in the earlier litigation.   HSBC simply failed to exercise its rights timely.

This Court notes that the Fifth Circuit has taken the Murphys' position in *Industrial Indem. Co. v. Chapman and Cutler*, 22 F.3d 1346, 1356 n.22 (5th Cir. 1994)(some citations omitted):

> Appellant's reliance upon the cases of *Hughes v. Mahaney and Higgins*, 821 S.W. 2d 154 (Tex. 1991)[and others] . . . is misplaced.  Those decisions together set forth the proposition "that when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted. . . . The Supreme Court of Texas, in *Hughes*, explained the rule as stemming from the desire to allow the client to avoid "adopting inherently inconsistent litigation postures in the underlying case [against the third party] and in the malpractice case." *Hughes*, 821 S.W. 2d at 156. . . . *See Hoover v. Gregory*, 835 S.W. 2d 668, 675 (Tex. App.-- Dallas 1992, writ denied)(commenting that "[w]e interpret *Hughes* narrowly as controlling in legal malpractice cases when a malpractice suit is brought against an attorney *in the course of litigating the complainant's underlying claim*")(emphasis added).

Thus this Court rejects HSBC's tolling argument based on *Hughes*.

The Murphys also argue that HSBC's requests for discovery,

which sounds like a fishing expedition, will not lead to evidence of abandonment.  Wells Fargo, the servicer and agent for HSBC was a party to the previous litigation and was represented by the same law firm that now represents HSBC.  In the earlier litigation the attorneys served requests for production and deposed the Murphys for more than eight hours, and therefore have every document the Murphys possessed relevant to this dispute.  HSBC should be able to be far more specific about what documents it would find to support abandonment, and where and how they may be found.

### HSBC's Supplement (#35)

HSBC brings to the Court's attention recent orders in two cases relevant to this dispute:  *Leonard v. Ocwen Loan Service, LLC*, No. H-13-3019, 2014 WL 4161769 (S.D. Tex. Aug. 19, 2014), and *Boren v. US National Bank Assoc.*, No. H-13-2160, 2014 WL 5486100 (S.D. Tex. Oct. 29, 2014).

In *Leonard*, 2014 WL 4161769 at *4, the Honorable Nancy Atlas held, "Joint action of the parties is not required to abandon the acceleration.  Rather, a party may abandon the acceleration unilaterally through its own actions."  In an analysis that demonstrates why this Court's reliance on *San Antonio Real Estate Building & Loan Assoc. v. Stewart*, 61 S.W. 386, is too narrow and that supports HSBC's position, Judge Atlas stated,

> The Court recognizes that an early Texas Supreme Court case, *San Antonio Real Estate Bldg. & Loan Ass'n v. Stewart*, 61 S.W. 386, (Tex. 1901), suggests that "neither

> party by his separate action or nonaction [may] impair
> the rights of the other," *id.*, at 388-89.  *Stewart*,
> however, is inapposite on the facts presented.  As Judge
> Costa stated in *Clawson*, "Stewart was premised on the
> situation in which the failure to pay an installment *ipso
> facto* gives rise to the cause of action upon the whole
> debt; the opinion explicitly distinguishes situations,
> like the present, in which the contract is regarded as
> only giving to the creditor the right of election."
> *Clawson*, 2013 WL 1948128, at *4 (citing *Stewart*, 61 S.W.
> 3d at 388).

*Leonard*, 2014 WL 4161769 at *4 n.4.  HSBC observes that, as shown

by *Leonard*, in *Stewart* the acceleration happened automatically and

worked for the benefit of both parties.  In contrast here the

Murphys obtained no rights because of the acceleration since under

the terms of the note, they always had the right to pay the loan in

full without any prepayment penalty.  #1, Orig. Petition, Ex. B.2

at p. 14 (Ex. A, Note, at Section 5, "Borrower's Right to

Prepay.").  Since they obtained no rights, unilateral action by

HSBC would abandon the acceleration.

Furthermore, HSBC points out that the same kind of evidence

exists here as existed in *Leonard* and *Boren* to demonstrate that the

lender abandoned its previous acceleration.  In *Leonard* at *5,

Judge Atlas found that the fact that the loan servicer sent a new

notice of intent to accelerate that demanded less than the full

amount of the debt was evidence of abandonment of the prior notice

of acceleration.  In *Boren,* 2014 WL 5486100 at *1-2, The Honorable

Grey Miller found that the acceleration was abandoned as a matter

of law when the lender sent only a new default letter and notice of

intent to accelerate that demanded less than the full amount of the debt.

Therefore HSBC asks the Court to grant its motion for rehearing and reconsideration and to dismiss the limitations claims and to deny Plaintiffs' motion for summary judgment. Alternatively, it asks the Court to rescind its order granting Plaintiffs' motion for summary judgment and to allow HSBC to answer and defend this case on the merits.

## Court's Decision

As indicated, because the Court concedes that its prior Opinion and Order contained errors of fact and law, the Court concludes that HSBC's current motion to rehear and reconsider (#33) the Court's Opinion and Order (#31) and Final Summary Judgment (#32) should be granted and its Opinion and Order (#31) and Final Summary Judgment (#32) should be vacated. Thus the Court reviews the issues *de novo*.

First, after reviewing the record, the Court agrees that the Murphys did not object to the 2008 expedited, non-judicial foreclosure proceeding, but that under Texas Rule of Civil Procedure 736.10 (or current 736.11) they actually caused the automatic dismissal by filing their independent state court suit challenging Wells Fargo's standing to pursue foreclosure. Thus the issue before the Court is whether the first notice of acceleration was abandoned.

As noted, Texas courts and courts in the Fifth Circuit have

-28-

held that "parties can abandon acceleration and restore the contract to its original terms by the parties' agreement *or* actions." *Khan*, 371 S.W. 3d at 356 (emphasis added by this Court). As the Court indicated *supra*, the order of dismissal of the first action for expedited foreclosure is insufficient to satisfy the first prong and HSBC has failed to show another agreement fo the parties.

Thus the Court turns to "actions" of the parties. A threshold issue is whether there must be joint actions or whether HSBC alone could abandon the first acceleration unilaterally by its own actions. The Court concludes that it erred in determining that any such actions had to be joint. There is authority clearly establishing that the lender's or loan servicer's action constituting abandonment of acceleration can be unilateral. Where the deed of trust contains an optional acceleration clause, default by itself does not start limitations running, but the cause of action accrues only when the note holder exercises its option to accelerate. *Holy* Cross, 44 S.W. 3d at 566. The noteholder who exercises its option to accelerate can also abandon it by its own actions. *See*, e.g., *Khan*, 371 S.W. 3d at 353 ("A noteholder who exercises its option to accelerate may 'abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity,'"), *citing Holy Cross*, 44 S.W. 3d at 566-67; *DTND v. Sierra Investments, LLC v. Bank of New York Mellon Trust Co.,* 958 F. Supp. 2d 738, 749-50 (W.D. Tex. 2013)(holding that unilateral notices of rescission were sufficient

to abandon acceleration); *Clawson*, 2013 WL 1948128 at *4 ("a noteholder may abandon acceleration 'without express agreement from the borrower'" and concluding the lender abandoned acceleration when it filed a notice of rescission); *Leonard*, 2014 WL 4161769, at *5 ("Joint action of the parties is not required to abandon acceleration. Rather, a party may abandon acceleration 'without express agreement from the borrower.'"; finding that defendants abandoned previous acceleration of the debt by sending account statements requesting less than the full balance); *Bitterroot Holdings, LLC v. MTGLQ Investors, LP*, Civ. No. 5:14-CV-862-DAE, 2015 WL 363196, at *6 (W.D. Tex. Jan. 27, 2015)("Here, the prior Notices of Acceleration issued by Citimortgage, MTGLQ's predecessor in interest, were abandoned when Citimortgage dismissed its claims without prejudice in state court.").[19] *See Callahan*, No. 4:13-CV-249 (reviewing cases).

The issue becomes whether HSBC's took an action unilaterally that constituted abandonment of its 2008 acceleration of the note. HSBC claims that the 2011 notice of intent to accelerate (#10 at Ex. G at electronic page numbers 20-33), which was filed before the

----

[19] This Court notes that there is authority holding that acceleration "may not be abandoned unilaterally where the borrower has detrimentally relied upon the acceleration." *See, e.g., In re Rosas*, Bkrtcy. No. 13-52402-CAG, 2014 WL 1779437 at *10 (Bkrtcy. S.D. Tex. May 5, 2014), *citing Swoboda v. Wilshire Credit Corp.*, 975 S.W. 2d 770, 776-77 (Tex. App.--Corpus Christi 1998, pet. denied), *disapproved of on other grounds*, *Holy Cross*, 44 S.W. 3d at 570; *In re Adu-Kofi*, 94 B.R. 14, 15 (Bkrtcy. D.R.I. 1988). There are no allegations in the instant case that the Murphys detrimentally relied on the 2008 acceleration of the note.

four-year statute of limitations on the original filing of the suit
in June 2008, not only shows that the previous acceleration of the
note was abandoned, but its statement that although the loan was in
default, the Plaintiffs could cure the default by paying only the
past due amounts (rather than the full amount that would be due if
the loan were accelerated), and that if the Murphys failed to thus
cure the default within 30 days, HSBC would accelerate the note and
require the full amount be due and payable immediately), stops the
statute of limitations from running and constitutes abandonment of
its second acceleration of that note.  #10 at Ex. G.  The Court
finds that it at least raises a genuine issue of material fact
whether it did.  When a cause of action accrues is a question of
law for the court, while whether a holder has accelerated a note is
a question of fact.  *Holy Cross*, 44 S.W. 3d at 568.

Accordingly, for the reasons stated above, the Court

ORDERS that HSBC's current motion to rehear and reconsider
(#33) the Court's Opinion and Order and Final Summary Judgment is
GRANTED and that its Opinion and Order (#31) and Final Summary
Judgment (#32) are VACATED.  Because there is a genuine issue of
material fact as to whether the second notice of intent to
foreclose (#10 at Ex. G at electronic pages 20-33) constituted
abandonment of the second acceleration of the note, the Court

ORDERS that dismissal or summary judgment on that ground is
DENIED.  Given the final judgment in the state court suit filed by
the Murphys, the Court grants leave to HSBC to reurge its motion

for summary judgment based on *res judicata* within 20 days if HSBC wishes to pursue the issue, and to Plaintiffs to file a timely response.

The Court finds that the Murphys' charges about the HSBC's access to discovery in the early litigation cannot be resolved on the limited record here.  The Court also is aware that under Rule 56(d), a party seeking a continuance to do further discovery cannot merely vaguely claim it needs such discovery without explaining *how* the additional discovery will create a genuine issue of material fact.  *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993).  *See also Securities & Exchange Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)("The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.").  Nevertheless, "'Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56(d) is his remedy.'"  *Emrich v. JP Morgan Chase Bank, N.A.*, 575 Fed. Appx. 502, 504 (5th Cir. July 22, 2014), *quoting Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).  Here, not only did HSBC file a motion for continuance, but the Court also stayed this case until the state court's determination of Defendants' standing was finally resolved, as it has been now.  Thus in the interests of justice the Court further

ORDERS that the stay is lifted and that this case is REFERRED

to United States Magistrate Judge to establish a new schedule.

      **SIGNED** at Houston, Texas, this <u> 25th </u> day of <u> March </u>, 2015.

                                   _____

                                    MELINDA HARMON
                         UNITED STATES DISTRICT JUDGE