IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK O'BRIEN MURPHY a/k/a, O'BRIEN MURPHY AND BEVERLY MURPHY, Plaintiffs/Counter-Defendants | § § § § § | |
| V. | § | CIVIL ACTION NO. H-12-3278 |
| HSBC BANK USA AS TRUSTEE FOR THE WELLS FARGO ASSET SECURITIES CORPORATION HOME EQUITY ASSET-, BACKED CERTIFICATES, SERIES 2006-1, Defendant/Counter-Plaintiff. | § § § § § § § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge, upon referral from the District Judge, is Defendant/Counter-Plaintiff HSBC Bank USA, as Trustee for the Wells Fargo Asset Securities Corporation Home Equity Asset-Backed Certificates, Series 2006-1 ("HSBC")'s Motion for Summary Judgment on its Counterclaim for Judicial Foreclosure (Document No. 87). Plaintiffs/Counter-Defendants Patrick O'Brien Murphy and Beverly Murphy ("Plaintiffs" or "the Murphys") have filed a Response and Motion to Continue to Conduct Discovery (Document No. 88), and argue that HSBC cannot foreclose because it has failed to show that it owns the note on the Property and lacks standing to foreclose. The Murphys seek to conduct further discovery as to the ownership of the note. HSBC has filed a Reply (Document No. 89). Having considered the Motion, Response, and Reply, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that HSBC's

Motion for Summary Judgment on its Counterclaim be GRANTED, and that the Murphys' Motion to Continue to Conduct Discovery be DENIED.

## I. Background[1] and Undisputed Relevant Facts

The Murphys owned a house at 503 Flaghoist Lane, Houston, Texas 77079. On January 5, 2006, the Murphys obtained a Texas home equity loan using this house as collateral with Wells Fargo Bank, N.A. ("Wells Fargo"). In early 2008 the Murphys purposefully defaulted on their loan in an attempt to force Wells Fargo to negotiate another refinancing of their mortgage. On June 19, 2008, Wells Fargo assigned the promissory note ("the Note") and the Texas Home Equity Security Instrument ("the Loan") to HSBC. HSBC retained Wells Fargo as its loan servicer on the Murphys' loan. HSBC has been seeking to foreclose since 2008.

HSBC filed a Motion for Partial Summary Judgment (Document No. 40), seeking dismissal of the Murphys' claims regarding the validity of the assignment and/or securitization of their home-equity loan. HSBC argued that it was entitled to dismissal, on res judicata grounds, of the Murphys' claims regarding the validity of the assignment and/or securitization of the Murphys' loan and HSBC's alleged lack of standing to foreclose. Alternatively, HSBC argued that it was entitled to summary judgment because of the Murphys' lack of standing to challenge the assignment and/or securitization of the loan in light of the undisputed summary judgment evidence showing an unbroken chain of title from the original lender to HSBC. In addition, HSBC responded to the Murphys' argument that they needed additional discovery relating to the 2008 assignment. The Undersigned Magistrate Judge issued a Memorandum and Recommendation (Document No. 48),

---

[1] A more detailed factual and procedural background is set forth in the District Court's March 25, 2015, Opinion and Order. (Document No. 38).

2

recommending that HSBC's Motion for Partial Summary Judgment be granted and that Plaintiffs' motion to continue to conduct discovery to investigate how the note was transferred or not and whether they were third-party beneficiaries be denied. The District Court, in an Opinion and Order entered on January 30, 2017, adopted the Memorandum and Recommendation as its own and granted HSBC's First Motion for Partial Summary Judgment. (Document No. 86).

HSBC filed a Second Motion for Partial Summary Judgment on the Murphys' claim that HSBC's foreclosure efforts and any asserted lien on the Property is barred by the applicable statute of limitations. The undersigned Magistrate Judge issued a Memorandum and Recommendation recommending that HSBC's Second Motion for Partial Summary Judgment on all of the Murphy' statute-of-limitations-based claims be granted. (Document No. 81). The District Court, in its January 30, 2017, Opinion and Order, concurred that the documentary summary-judgment evidence supported HSBC's Second Motion for Partial Summary Judgment and denied the Murphys' requests for a declaratory judgment and to quiet title. The only claims remaining are HSBC's counterclaims.

## II. Undisputed Facts

On or about January 5, 2006, the Murphys obtained a Texas home-equity loan in the principal amount of $252,000 from Wells Fargo Bank, N.A. As security for the home-equity loan, Plaintiffs executed a Texas Home Equity Security Instrument granting a lien and security in the property located at 503 Flaghoist Lane, Houston, Texas 77079 (the "Property") and its associated improvements, fixtures, easements, appurtenances, replacements, and additions (the "Collateral"). (Document No. 87, Ex. A-Texas Home Equity Note & Exhibit C-Texas Home Security Instrument). The Texas Home Security Interest was recorded in the Harris County Property Records on or about January 17, 2006, under Filing No.101028489. (Document No. 87, Ex. C). On or about May 29,

2008, the Note and Deed of Trust were assigned to HSBC. (Document No. 87, Ex. D). Wells Fargo services the Loan on HSBC's behalf. (Document No. 87, Affidavit of Brandon McNealy, Ex. B). Plaintiffs failed to make the installment payment due for March 1, 2008, and have made no further payments. *Id.* On or about December 30, 2011, HSBC sent Plaintiffs a Notice of Default and Intention to Accelerate, with an intent to accelerate the amounts due under the Note. (Document No. 87, Ex. E-Notice of Default and Intention to Accelerate & Ex. F-Affidavit of Elizabeth Hayes). On June 20, 2012, HSBC sent Plaintiffs a Notice of Acceleration of the amounts due under the Note because Plaintiffs failed to timely cure their default. (Document No. 87, Ex. F-Affidavit of Elizabeth Hayes & Ex. G-Notice of Acceleration).

### III. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The substantive law governing the claim at issue determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Id.* at 250. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). The moving party bears the burden of identifying evidence that no genuine issue of material fact exists. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986), and the court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus.Co. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only

4

point to the absence of evidence supporting an essential element of the nonmovant's case; the movant does not have to support its motion with evidence negating the case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the movant succeeds, the nonmovant can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact, *see Anderson*, 477 U.S. at 248-49, but that evidence need not be in a form that would be admissible at trial. *See Celotex*, 477 U.S. at 324.

The Magistrate Judge has considered the documents attached to HSBC's Motion (Document No. 87, Ex. A-G). These include: (1) the Texas Home Equity Note dated January 5, 2006, naming Plaintiffs has the borrowers and Wells Fargo Bank, N.A. as the Lender (Ex. A); (2) the Affidavit of Brandon McNealy (Ex. B); (3) the Texas Home Equity Security Instrument (Ex. C); (4) the Assignment of the Note and Deed of Trust to HSBC (Ex. D); (5) the Notice of Default and Intention to Accelerate dated December 30, 2011 (Ex. E); (6) the Affidavit of Elizabeth Hayes (Ex. F); and (6) the June 20, 2012 Notice of Acceleration (Ex. G).

## IV. Discussion-HSBC's Counterclaim

HSBC has counterclaimed for an order to judicially foreclose on the Property. The Murphys continue to argue that additional discovery is necessary to determine whether HSBC "owns the note in issue" and has "standing to seek a judgment to allow it to foreclose." (Document No. 88, p. 4). As discussed above, however, the District Court has already rejected the Murphys' contention and has held that HSBC's lien is valid as a matter of law.

Under Texas law, to foreclose under a security instrument with a power of sale, the lender must show that (1) a debt exists; (2) the debt is secured by a lien created under Texas Constitution Art. XVI, § 50(a)(6); (3) the plaintiff is in default under the note and security instrument; and (4)

5

plaintiff received notice of default and acceleration. *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F.Supp.2d 732, 740 (S.D.Tex. Dec. 19, 2013), *aff'd*, 583 Fed. Appx. 306 (5th Cir. 2014), *cert. denied*, 135 S.Ct. 1718 (2015). Here, the undisputed summary-judgment evidence establishes the debt, the lien created under § 50(a)(6) for home equity loans, the Murphys' default, and that the Murphys received notice of default and acceleration. Plantiffs have failed to present any controverting evidence or raise any issue of material fact that all requirements for foreclosure under Texas law and the Security Instrument have not been met. HSBC has, therefore, established its right to foreclose as a matter of law.

## V. Conclusion and Recommendation

The undisputed documentary evidence show that all the requirements for judicial foreclosure under Tex. Const. art. XVI, § 50(a)(6), in compliance with the Note and Security Instrument and Rules 735.3 and 309 of the Texas Rules of Civil Procedure, have been met. HSBC is entitled to an Order permitting HSBC to foreclose on the Property. The Magistrate Judge

RECOMMENDS that Counter-Plaintiff HSBC's Motion for Summary Judgment on its Counterclaims (Document No. 87) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *See Douglass v. United*

*Serv. Auto Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 5t day of November, 2017

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE